UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| WYNONA C. TAOUIL, | ) | |
| | ) | |
| Defendant. | ) | |

# COMPLAINT

Comes Now the United States of America, by and through its attorneys, Jeffrey B. Jensen, United States Attorney for the Eastern District of Missouri, and Joshua M. Jones, Assistant United States Attorney for said District, and for its complaint against the defendant, alleges as follows:

## PARTIES

1. The United States is the plaintiff.

2. That Wynona C. Taouil is the defendant, an individual who resides within the Eastern District of Missouri.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this suit under 28 U.S.C. § 1345, because the United States is the plaintiff.

4. Venue is proper under 28 U.S.C. § 1391(b) because the defendant resides in this district.

## COUNT I

5. On May 2, 2000, the defendant executed a promissory note to secure student loans, pursuant to Title IV-B of the Higher Education Act of 1965, 20 U.S.C. §§ 1071, et seq. Attached is a true and accurate copy of the promissory note executed by the defendant, marked Exhibit 1, and made a part hereof as if set out in full. Said note was subsequently assigned to the United States pursuant to 20 U.S.C. § 1071(a)(1)(D); 34 C.F.R. § 682.409.

6. That after applying any and all credits on said debt, the defendant is indebted to the plaintiff in the principal amount of $188,281.45, plus interest on this principal computed at the rate of 7.75 percent per annum in the amount of $156,867.79, plus any administrative costs, and interest thereafter on this principal rate of 7.75 percent per annum until the date of judgment. See Certificate of indebtedness attached hereto as Exhibit 2.

7. Demand has been made upon the defendant by the plaintiff for the sum due but the amount due remains unpaid.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiff prays judgment against the defendant for the total of $345,149.24, the principal amount of $188,281.45, plus interest at 7.75 percent per annum, which is accruing from the of the Certificate of Indebtedness to the date of judgment, plus post-

judgment interest at the statutory rate as followed by law, together with costs of this action pursuant to 28 U.S.C. § 2412(a)(2), and any other costs of this action deemed just and proper.

JEFFREY B. JENSEN
United States Attorney

/s/ Joshua M. Jones
JOSHUA M. JONES #61988MO
United States Attorney's Office
111 S. 10th Street, Suite 20.333
St. Louis, Missouri 63102
(314) 539-2200

Attorneys for Plaintiff United States

*The SMART LOAN® Account*

# Application/Promissory Note

(Incomplete information can result in processing delays.)

SallieMae
SMART LOAN Consolidation Center
P.O. Box 5600
Wilkes-Barre, PA 18773

## Section IA: Personal Information (Applicant)

1. Last Name: Taouil  First Name: WYNONA  Middle Initial: C
Number and Street: 1340 Ferguson Ave
City: ST LOUIS  State: MO  Zip: 63133

2. Prior Name:

3. Social Security Number: 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

4. Date of Birth (Month/Day/Year): 12-10-69

5. Daytime Telephone: 314, 561-1324  Facsimile (FAX - optional): ( , )
Evening Telephone: 314, 727-9369

6. Graduation Date: 5-8-99

7. Driver's License Number and State: CA - A5937215

8. My Employer Is:
Company Name: N/A
Number and Street:
City  State  Zip

Name and Address of a Relative Who Does Not Live With Me:
9. Last Name: Nizzum  First Name: Howard  Middle Initial: E
Number and Street: 22 Lourdes CT
City: ?? ST LOUIS  State: MO  Zip: 63367
Telephone: 636 561-1324

Name and Address of a Non-Relative:
10. Last Name: Shannon  First Name: Becky  Middle Initial: L
Number and Street: 5526 Sutherland
City: ST. LOUIS  State: MO  Zip: 63109
Telephone: 314 351-7532

## Section IB: Personal Information (Spouse) *Complete only if a spouse is jointly consolidating his/her student loans.*

11. Last Name: N/A  First Name  Middle Initial
Number and Street
City  State  Zip

12. Prior Name: N/A

13. Social Security Number: N/A

14. Date of Birth (Month/Day/Year): N/A

15. Daytime Telephone: ( , ) N/A  Facsimile (FAX - optional): ( , )

16. Graduation Date: N/A

17. Driver's License Number and State: N/A

18. My Employer Is:
Company Name: N/A  Number and Street  City  State  Zip

## Section II: Student Loan Information *Please read instructions carefully. If you need to list more than 8 loans, please use the "Supplemental Loan Listing Sheet for SMART LOAN Account" you will find in this package.*

| 19. Name and Address of Loan Holder/Servicer | 20. Grace End Date (Only mark if in early part of grace) | 21. To Be Consolidated Yes | No | 22. Type of Loan | 23. Interest Rate | 24. Date of Disbursement Month/Day/Year | 25. Account Number | 26. Est. Current Outstanding Balance | 27. B=Borrower S=Spouse J=Joint |
|---|---|---|---|---|---|---|---|---|---|
| 1. Student loan Marketing Association | 6-7-00 | ✓ | | GS | 7.870% | 9-19-89 | 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 | 2789.62 | B |
| 2. Student loan Marketing Association | 6-7-00 | ✓ | | GS | 7.870% | 3-20-90 | 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 | 26152 | B |
| 3. Student loan Marketing Association | 6-7-00 | ✓ | | SL | 9.130% | 4-3-90 | 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 | 1263.58 | B |
| 4. Student loan Marketing Association | 6-7-00 | ✓ | | GS. | 7.870% | 10-12-90 | 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 | 2789.62 | B |
| 5. Student loan Marketing Association | 6-7-00 | ✓ | | SL | 9.130% | 11-14-90 | 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 | 1168.58 | B |
| 6. Student loan Marketing Association | 6-7-00 | ✓ | | GS | 7.870% | 10-15-91 | 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 | 2371.92 | B |
| 7. Student loan Marketing Association | 6-7-00 | ✓ | | GS | 7.720% | 12-3-92 | 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 | 4644.41 | B |
| 8. Student loan Marketing Association | 6-7-00 | ✓ | | SL | 7.590% | 12-3-92 | 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 | 7125.03 | B |

To Sallie Mae: By means of this application, I am applying to have my loans consolidated into a SMART LOAN Account at Sallie Mae, as allowed under Section 428C of the Higher Education Act of 1965, as amended ("The Act"). If Sallie Mae accepts this application, it is my understanding Sallie Mae will advance funds on my behalf to holders of the eligible loans named above which I herein select for consolidation in my SMART LOAN Account. The funds so advanced by Sallie Mae will be disbursed to the holders of the loans designated above in order to pay off those loans. If the amount that Sallie Mae advances to my loan holders exceeds the amount needed to pay off my balance, I understand that the holder will refund the excess to Sallie Mae for application against the outstanding balance of my SMART LOAN Account. If the amount that Sallie Mae advances to my loan holders is less than the amount needed to pay off my balance, I agree to pay off the remaining balance or take such actions as Sallie Mae deems appropriate to authorize Sallie Mae to include the remaining amount in my SMART LOAN Account.

## Section III: Repayment Options (Please choose one)

28.
- ☐ MAX-2 OPTION with two years of interest-only payments
- ☐ MAX-4 OPTION with four years of interest-only payments
- ☐ LEVEL PAYMENT PLAN.
- ☒ INCOME SENSITIVE REPAYMENT

## Section IV: General Information *Please read and sign in all appropriate places indicated.*

29. PROMISE TO PAY
I, the undersigned borrower, promise to pay to the Student Loan Marketing Association (Sallie Mae), or a subsequent holder of this promissory note, at such address as is designated by Sallie Mae, or a subsequent holder of this promissory note, such loan amount as is advanced on my behalf, to pay daily simple interest on the unpaid principal balance thereof at the rate described on the reverse side hereof, all in accordance with the repayment schedule to be furnished to me, and to pay all late charges, reasonable attorney's fees, and other costs permitted by law and incurred by Sallie Mae, or a subsequent holder of this promissory note, in the collection of any amount not paid when due. I understand that the amount of my loan will be based on the pay-off balances of loans selected for consolidation as provided by the holders of such loans and may exceed my estimate of such pay-off balances. My signature below certifies that I have read, understood and agreed to the conditions and authorizations stated in the terms herein and on the reverse side hereof and have retained a copy of this application/promissory note.

If I am applying for consolidation with my spouse, I confirm that my spouse and I are legally married and that we each understand and agree that each of us is and will continue to be liable for the entire amount of the debt represented by this consolidation loan without regard to the amount of our respective loan obligations being consolidated and without regard to any subsequent change in our marital status. We each understand that this means either of us may be required to pay the entire amount due if my spouse is unable or refuses to pay. If applying for a loan with my spouse, I, the borrower, understand that the Federal Consolidation Loan I am applying for will be cancelled only if both my spouse and I die or become totally and permanently disabled. I further understand that I may postpone repayment of the loan if I provide the holder of the loan with a written request that confirms Federal Consolidation Loan program deferment or forbearance eligibility for both my spouse and me.

APPLICANT(S) CERTIFICATION
By my signature, I certify that all of the loans selected for consolidation have been made to me to finance my education. I also certify that I have no consolidation loan application pending with another lender. If all my loans are with one FFELP holder, and that holder is not Sallie Mae, I may consolidate with Sallie Mae if my holder is unable to provide me with a consolidation loan with an income-sensitive repayment schedule that is satisfactory to me. If my FFELP loans are with multiple lenders or I have no FFELP loans, Sallie Mae may consolidate my loans. I further certify that I do not owe a refund on any Federal Pell Grant or Supplemental Educational Opportunity Grant, and that if I am selecting for consolidation a loan that is in default, I have made satisfactory repayment arrangements before submitting this application.

I certify that the above information is true and correct. I have read the material and understand my rights and responsibilities under the loan consolidation program. The application/promissory note will be governed by federal law applicable to consolidation loans.

COMBINED PAYMENT PLAN AUTHORIZATION
If I have HEAL loans serviced by Sallie Mae, I authorize Sallie Mae to establish a Combined Payment Plan on my behalf.

CRIMINAL PENALTIES
WARNING: Any person who knowingly makes a false statement or misrepresentation on this form is subject to penalties, which may include fines or imprisonment under the United States Criminal Code and Section 490 of the Act.

THIS IS A LOAN THAT MUST BE REPAID.

30a. Applicant Signature: x [signature]  Date: 5200

30b. Spouse Signature (If Jointly Consolidating): x ________  Date: ________

SLMA N 12/94

PERMISSION TO VERIFY LOAN BALANCES
To Whom It May Concern: I hereby authorize you to release to Sallie Mae, for purposes of verifying student loan information in order that I may consolidate my student loans into a consolidation loan or enter into a combined payment plan pursuant to the Higher Education Act of 1965, as amended, any information concerning my student loans that Sallie Mae requests in connection with such loan consolidation or combined payment plan. This information is for the use of Sallie Mae in consolidating my student loans. A copy of this authorization may be deemed to be an original.

Your prompt reply and cooperation will help to expedite my loan consolidation. Thank you.

31a. Applicant Signature: x ________  Date  SSN

31b. Spouse Signature (If Jointly Consolidating): x ________  Date  SSN

SALLIE MAE COPY (Return to Sallie Mae)

◇ Remove this copy along perforated line and return to Sallie Mae ◇

Loan Consolidation Center
P.O. Box 5600
Wilkes-Barre, PA 18773

# Supplemental Loan Listing Sheet

Application/Promissory Note

(Use this form only to list additional applicant and/or spouse loans to be included in your consolidation loan or considered for extending your repayment term. If you use this form, you must return it with your completed Application/Promissory Note. Please print neatly or type. Follow Application/Promissory Note Instructions.)

## Section IA:

Personal Information (Applicant)

BORROWER NAME: Wynona Taokil

SOCIAL SECURITY NUMBER: 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

## Section IB:

Personal Information (Spouse) (Do not complete unless you are consolidating with your spouse.)

SPOUSE NAME: N/A

SOCIAL SECURITY NUMBER: N/A

## Section II:

Supplemental Listing of Education Loans

(See Section II on the Application/Promissory Note Instructions for information on the loans you should list. Loans already listed on your Application/Promissory Note should not be listed again.)

| | NAME AND ADDRESS OF LOAN HOLDER/SERVICER | 20. GRACE END DATE (Only mark if in early part of grace) | 21. TO BE CONSOLIDATED Yes | No | 22. TYPE OF LOAN (Stafford/GSL, etc.) | 23. INTEREST RATE | 24. DATE OF DISBURSEMENT MONTH/DAY/YEAR | 25. ACCOUNT NUMBER | 26. EST. CURRENT OUTSTANDING BALANCE | 27. B=BORROWER S=SPOUSE J=JOINT |
|---|---|---|---|---|---|---|---|---|---|---|
| 9. | Sallie Mae Trust - LSC/FL | 6-7-00 | ✓ | | GSL | 7.720% | 12-6-93 | 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 | 6386.04 | B |
| 10. | Sallie Mae Trust LSC/FL | 6-7-00 | ✓ | | SL | 7.980% | 12-14-93 | 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 | 7387.23 | B |
| 11. | Sallie Mae Trust LSC/FL | 6-7-00 | ✓ | | GSL | 7.720% | 12-4-95 | 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 | 5354.27 | B |
| 12. | Sallie Mae Trust LSC/FL | 6-7-00 | ✓ | | GSL | 7.720% | 3-16-96 | 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 | 8360.43 | B |
| 13. | Mohela | 11-30-00 | ✓ | | Standard Sub | 6.67% | | 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 | 5500.00 | B |
| 14. | Mohela | 11-30-00 | ✓ | | SL Not Sub | 6.67% | | 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 | 10,262.48 | B |
| 15. | Mohela | 11-30-00 | ✓ | | SL Not Sub | 7.47% | | 499-76-228 | 2,022.72 | B |
| 16. | Mohela | 11-30-00 | ✓ | | SL Sub | | | 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 | 8,500.00 | B |

APPLICANT'S SIGNATURE
x [signature]

DATE 5-2-00

SPOUSE'S SIGNATURE (if applicable)
x

DATE

INSTRUCTIONS: If you used this form to list additional education loans that you wish to be consolidated or taken into consideration in calculating your maximum repayment period, please include it with your application. Please keep a copy of this form, along with the Applicant Copy of the Application/Promissory Note, for your files.

## STATEMENT OF RIGHTS AND RESPONSIBILITIES

**Change of Status** I agree to notify Sallie Mae promptly concerning any change of my address, name, employer, employer's address or daytime telephone or any change that would affect my loan status.

**Evidence of Loan** This application/promissory note is evidence of a consolidation loan made pursuant to Section 428C of the Higher Education Act of 1965, as amended (the Act).

**Security and Endorsement; Waiver of Defenses** This loan is made without security and without endorsement, except that if I am a minor and this application/promissory note would not, under applicable law create a binding legal obligation, endorsement may be required. I understand that, by accepting a consolidation loan, I undertake a new obligation, which is not subject to any defenses I might have with respect to the loans selected for consolidation. A delay or failure to enforce my obligations under the Note shall not constitute a waiver of the lender's or other holder's rights to enforce such obligations in the future. No provisions of this Note can be waived or modified except in writing.

**Interest**

1. The interest rate on my SMART LOAN Account will be the weighted average interest rate per annum of all the loans consolidated, rounded up to the next whole percent. This loan will bear daily simple interest at an annual rate which is fixed for the term of the loan. If any of my fixed rate Federal SLS/ALAS or Federal PLUS loans are to be consolidated, they will first be refinanced at the rate specified in Section 427A(e)(4) of the Act, if that rate is lower than my current fixed rate on such Federal SLS/ALAS or Federal PLUS loans, and then be immediately consolidated in the SMART LOAN Account. I will not receive any separate documentation evidencing refinanced loans.

   If my SMART LOAN Account includes only subsidized Federal Stafford Loans, subsidized Federal Consolidation Loans or Federally Insured Student Loans, the SMART LOAN Account will be subsidized which means the federal government will pay interest that accrues on my SMART LOAN Account during authorized deferment periods. If my SMART LOAN Account is not subsidized, I will be responsible for paying all the interest during authorized deferment periods, even if my SMART LOAN Account includes one or more subsidized Federal Stafford Loans.

2. I will pay all interest that accrues on this loan commencing on the date of the disbursement.

3. Sallie Mae may add interest that is not paid when due and interest that accrues during authorized deferment and forbearance periods to the unpaid principal balance of this loan no more frequently than annually and, in the case of deferment or forbearance, at the beginning of the recommencement of the repayment period.

**Grace Period and Repayment Principal** My first payment will be due within sixty days of the date of disbursement of my SMART LOAN Account unless I am eligible for deferment as described below. The repayment schedule to be furnished to me will establish repayment terms, including the length of the repayment period, based on information I have furnished on this application/promissory note. The minimum installment payment is equal to not less than the accrued unpaid interest. By consolidating the selected loans, I forgo the remainder of my grace periods on such loans. Sallie Mae may adjust my repayment schedule if it determines that any of the loans listed herein are not eligible, or do not qualify as "other student loans" for the purpose of determining the repayment period.

My repayment period will be up to 30 years in length, depending on the amount of my student loan indebtedness, and any period for which Sallie Mae has granted a deferment or forbearance will not be included in determining the repayment period.

**Deferment** If I am consolidating all of my Federal Family Education Loans, deferments are available for the following situations:

- Enrollment at least half-time in a course of study as determined by an eligible school.
- Pursuing a graduate fellowship program or a rehabilitation training program for individuals with disabilities, provided the program is approved by the Department of Education.
- Up to three years, if I am seeking and unable to find full-time employment.
- Up to three years, for any reason Sallie Mae determines (in accordance with regulations) has caused or will cause me to have an economic hardship.

Any period of authorized deferment shall not be included in determining the repayment period. To be granted a deferment, I must provide Sallie Mae with written evidence of my eligibility. I must subsequently notify the lender as soon as the condition for which the deferment was granted no longer exists. I understand that, by consolidating the selected loans, I forgo certain deferments allowable for such loans.

If I do not consolidate all of my Federal Family Education Loan Program (FFELP) loans, and they were first disbursed before July 1, 1993, the deferment options available to me for this consolidation loan are governed by the deferment provisions which were in effect at the time I received my oldest outstanding unconsolidated FFELP loan. I understand that my servicer can provide me with this information.

If I consolidate my loans jointly with my spouse, we both must simultaneously qualify for a deferment in order to postpone repayment on the loan. The maximum periods authorized for deferment on Federal Consolidation Loans are determined by the Act.

**Prepayment** I may, at my option and without penalty, prepay all or any part of the principal or accrued interest of this loan at any time.

Under certain circumstances, military personnel may have their loans repaid by the Secretary of Defense, in accordance with Section 902 of the Department of Defense Authorization Act 1981 (10 U.S.C. 2141, note). I understand that questions concerning such circumstances should be addressed to my local service recruiter. These circumstances are part of a recruiting program and do not pertain to prior service individuals or those not eligible for enlistment in the Armed Forces.

**Forbearance** If I am unable to make my scheduled payments for reasons of hardship, I may be eligible for forbearance. I understand that during a forbearance, interest charges continue to accrue. If my spouse and I are consolidating, we must both meet forbearance eligibility criteria.

**Credit Bureau Notification** Information concerning the amount of this loan and its repayment will be reported to one or more credit bureau organizations. <u>If I default on this loan, Sallie Mae and the guarantor will also report the default to credit bureau organizations. This may significantly and adversely affect my ability to obtain other credit.</u> Sallie Mae or the guarantor must notify me at least 30 days in advance that information about the default will be disclosed to credit bureau organizations unless I enter into repayment on the loan within the 30 days. Upon my request, Sallie Mae must provide information on the repayment status of this loan to a credit bureau organization and must provide a timely response to any request from that organization for a response to objections I might raise about the accuracy and completeness of information reported about me.

**Default** "Default" means my failure to make an installment payment when due, or to meet other terms of the promissory note under circumstances where the guarantor finds it reasonable to conclude that I no longer intend to honor the obligation to repay, provided that this failure persists for 180 days.

If I am in default on this loan —

1. Sallie Mae or the guarantor may disclose to schools I have attended (or am currently attending) information about the default;
2. I will be ineligible to receive assistance from any of the following Federal programs: Pell Grant, Supplemental Educational Opportunity Grant, College Work-Study, State Student Incentive Grant, Byrd Scholarships, Federal Perkins Loans, William D. Ford Federal Direct Loan Program, Federal Stafford loans (subsidized and unsubsidized), Federal PLUS loans; and
3. I will be ineligible for the benefits described under DEFERMENT in the promissory note.

**Acceleration** At the option of the lender or other holder of this Note, the entire unpaid balance and accrued interest shall become immediately due and payable upon the occurrence of any of the following events: 1) I make or have made a false material statement in connection with my application for this loan; 2) I fail to make payments and federal regulations require the lender to make a final demand for payment; or 3) I default.

**Late Charge** Sallie Mae may collect from me a late charge if I fail to pay all or part of a required installment payment within 10 days after it is due or if I fail to provide written evidence that verifies my eligibility to have the payment deferred as described under DEFERMENT in the promissory note. A late charge may not exceed 6 cents for each dollar of each late installment.

**Cancellation** If I become totally and permanently disabled, or I die, my obligation to pay any amount owed on this loan will be canceled. If I am applying jointly with my spouse, both of us must have a cancelable condition for the loan to be discharged. I understand that, by consolidating my Federal Perkins/NDSL and HPSL/LDS loans, I forgo cancellations that may otherwise be allowable only for such loans.

**Eligibility for Additional Consolidation Loans; Effect on Limitations of Indebtedness** I understand that my status as an eligible borrower under this loan consolidation program under Section 428C of the Act may terminate upon my receipt of this loan, except with respect to loans eligible for consolidation received after the date of receipt of this loan.

The outstanding balance on my consolidation loan, to the extent related to the discharge of the Federal Stafford/GSL, Federal SLS/ALAS, Federal PLUS and Federal Perkins/NDSL loans I have selected for consolidation, shall be counted against the applicable limitation on aggregate indebtedness of the Federal Stafford/GSL program, the William D. Ford Federal Direct Loan Program, the Federal PLUS program or the Federal Perkins/NDSL loan program, as applicable.

**Charges** Neither an insurance premium nor an origination fee will be collected by Sallie Mae on this consolidation loan.

### PRIVACY ACT NOTICE

The Privacy Act of 1974 (5 U.S.C. 552a) requires that the following notice be provided to you:

1. The authority for collecting the requested information from you and about you is found in Section 428C(b) and 428(b)(1) of the Higher Education Act of 1965, as amended. Applicants are advised that the requested information is necessary for participation in Sallie Mae's SMART LOAN program.
2. The principal purposes of this information are as follows: to verify your identity; to determine your program eligibility and benefits; to permit servicing of your loans; and, in the event it is necessary, to locate you and collect on a delinquent or defaulted loan.
3. The routine uses of this information include its disclosure to federal, state or local agencies, to private parties such as relatives, present and former employers, business and personal associates, to guaranty agencies, to educational and financial institutions, to credit bureaus and collection agencies, and to agency contractors, in order to verify your identity, to determine your program eligibility and benefits, to permit servicing or collecting of the loan, to enforce the conditions or terms of the loan, to counsel you in repayment efforts, to investigate possible fraud and to verify compliance with program regulations, or to locate you if your loan becomes delinquent or you default.

   Section 7(a)(2) of the Privacy Act provides that an agency may continue to require disclosure of your social security number as a condition to grant you a right, benefit, or privilege provided by law in cases in which the agency required this disclosure under statute or regulation prior to January 1, 1975, in order to verify the identity of an individual.

   Section 7(b) of the Privacy Act of 1974 (5 U.S.C. 552a note) requires that when any federal, state or local government agency requests you to disclose your social security number (SSN), you must also be advised whether that disclosure is mandatory or voluntary, by what statutory or other authority your SSN is solicited, and what uses will be made of it. You must provide all of the information requested in order to have your application processed.

### RIGHT TO FINANCIAL PRIVACY ACT NOTICE

Under the Right to Financial Privacy Act of 1978 (12 U.S.C. 3401 et seq.), the U.S. Department of Education will have access to financial records in your student loan file maintained by Sallie Mae in connection with the administration of the SMART LOAN program.

### EQUAL CREDIT OPPORTUNITY ACT NOTICE

The Federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, handicap, or age (provided that the applicant has the capacity to enter into a binding contract) or because all or part of the applicant's income derives from any public assistance program or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The federal agency which administers compliance with this law is the Federal Trade Commission, 6th Street and Pennsylvania Avenue, NW, Washington, DC 20580.

**U. S. DEPARTMENT OF EDUCATION**
**SAN FRANCISCO, CALIFORNIA**

**CERTIFICATE OF INDEBTEDNESS #1 OF 1**

WYNONA C TAOUIL
AKA WYNONA TAOUIL
559 DONNA MARIE DR
WENTZVILLE, MO 63385
Account No.XXXXX2281

I certify that U.S. Department of Education records show that the BORROWER named above is indebted to the United States in the amount stated below plus additional interest from 02/09/18.

On or about 05/02/00, the BORROWER executed a promissory note to secure a Federal Family Education Loan Program Consolidation loan from SALLIE MAE. This loan was disbursed for $116,527.17 on 07/18/00 at 7.75 % interest per annum. The loan obligation was guaranteed by UNITED STUDENT AID FUNDS, INC., and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note, and credited $0.00 to the outstanding principal owed on the loan. The BORROWER defaulted on the obligation on 05/10/07, and the holder filed a claim on the loan guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $188,281.45 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. Pursuant to 34 C.F.R. § 682.410(b)(4), once the guarantor pays on a default claim, the entire amount paid becomes due to the guarantor as principal. The guarantor attempted to collect this debt from the BORROWER. The guarantor was unable to collect the full amount due, and on 01/24/14, assigned its right and title to the loan to the Department.

Since assignment of the loan, the Department has credited a total of $0.00 in payments from all sources, including Treasury Department offsets, if any, to the balance. After application of these payments, the BORROWER now owes the United States the following:

| | |
|---|---|
| Principal: | $188,281.45 |
| Interest: | $156,867.79 |
| Total debt as of 02/09/18: | $345,149.24 |

Interest accrues on the principal shown here at the rate of $39.95 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 3/12/18

Loan Analyst
Litigation Support Unit

Philippe Guillon
Loan Analyst

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| WYNONA C. TAOUIL, | ) | |
| | ) | |
| Defendant. | ) | |

ORIGINAL FILING FORM

**This form must be completed and verified by the filing party when initiating a new case.**

_______ THIS SAME CAUSE, OR A SUBSTANTIALLY EQUIVALENT COMPLAINT, WAS PREVIOUSLY FILED IN THIS COURT AS CASE NUMBER ______________, AND ASSIGNED TO THE HONORABLE JUDGE __________________.

_______ THIS CAUSE IS RELATED, BUT IS NOT SUBSTANTIALLY EQUIVALENT TO ANY PREVIOULY FILED COMPLAINT. THE RELATED CASE NUMBER IS _________ AND THAT CASE WAS ASSIGNED TO THE HONORABLE ________________, THIS CASE MAY, THEREFORE, BE OPENED AS AN ORIGINAL PROCEEDING.

__XX__ NEITHER THIS SAME CAUSE, NOR A SUBSTANTIALLY EQUIVALENT COMPLAINT, HAS BEEN PREVIOUSLY FILED IN THIS COURT, AND THEREFORE MAY BE OPENED AS ORIGINAL PROCEEDING.

**The undersigned affirms that the information provided above is true and correct.**

**Dated:** 5/22/18

JOSHUA M. JONES #61988MO
Signature of Filing Party

JS 44 (Ecw.7/95)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM).

**I. (a) PLAINTIFFS**

**UNITED STATES OF AMERICA**

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ______
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Joshua M. Jones, Assistant United States Attorney
111 S. 10th Street, Suite 20.333
St. Louis, Missouri 63102
314-539-2310

**DEFENDANTS**

**Wynona Taouil, 559 Donna Marie Drive, Wentzville, MO 63385**

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT St. Charles County
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

ATTORNEYS (IF KNOWN)

**II. BASIS OF JURISDICTION** (PLACE "X" IN ONE BOX ONLY)

[X] 1 U.S. Government Plaintiff
[] 2 U.S. Government Defendant
[] 3 Federal Question (U.S. Government Not a Party)
[] 4 Diversity (Indicate Citizenship of Parties in item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX (FOR DIVERSITY CASES ONLY) FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | []1 | []1 | Incorporated or Principal Place of Business in This State | []4 | []4 |
| Citizen of Another State | []2 | []2 | Incorporated and Principal Place of Business in Another State | []5 | []5 |
| Citizen or Subject of a Foreign Country | []3 | []3 | Foreign Nation | []6 | []6 |

**IV. ORIGIN** (Place an "X" in One Box only)

[X] 1 Original Proceeding [ ] 2 Removed from State Court [ ] 3 Remanded from Appellate Court [ ] 4 Reinstated or Reopened [ ] 5 Transferred from another district (SPECIFY) [ ] 6 Multidistrict Litigation [ ] 7 Appeal to District judge from Magistrate judgment

**V. NATURE OF SUIT** *(PLACE AN "X" IN ONE BOX ONLY)*

**CONTRACT**
[] 110 Insurance
[] 120 Marine
[] 130 Miller Act
[] 140 Negotiable Instrument
[] 150 Recovery of Overpayment & Enforcement of Judgment
[] 151 Medicare Act
[X] **152 Recovery of Defaulted Student Loans (Excl. Veterans)**
[] 153 Recovery of Overpayment at Veteran's Benefits
[] 160 Stockholders' Suits
[] 190 Other Contract
[] 195 Contract Product Liability

**TORTS**

PERSONAL INJURY
[] 310 Airplane
[] 315 Airplane Product Liability
[] 320 Assault, Libel & Slander
[] 330 Federal Employers' Liability
[] 340 Marine
[] 345 Marine Product Liability
[] 350 Motor Vehicle
[] 355 Motor Vehicle Product Liability
[] 360 Other Personal Injury

PERSONAL INJURY
[] 362 Personal Injury Med. Malpractice
[] 365 Personal Injury Product Liability
[] 368 Asbestos Personal Injury Prod. Liab.

PERSONAL PROPERTY
[] 370 Other Fraud
[] 371 Truth in Lending
[] 380 Other Personal Property Damage
[] 385 Property Damage Prod. Product Liability

**FORFEITURE/ PENALTY**
[] 610 Agriculture
[] 620 Other Food & Drug
[] 625 Drug Related Seizure at Property 21 U.S.C. 881
[] 630 Liquor Laws
[] 640 R.R. & Truck
[] 650 Airline Regs.
[] 660 Occupational Safety/Health
[] 690 Other

**BANKRUPTCY**
[] 422 Appeal 28 U.S.C. 158
[] 423 Withdrawal 28 U.S.C. 157

**PROPERTY RIGHTS**
[] 820 Copyrights
[] 830 Patent
[] 840 Trademark

**OTHER STATUTES**
[] 400 State Reapportionment
[] 410 Antitrust
[] 430 Banks and Banking
[] 450 Commerce/ICC Rates/etc
[] 460 Deportation
[] 470 Racketeer Influenced Corrupt Organizations
[] 810 Selective Service
[] 850 Securities/ Commodities/ Exchange
[] 875 Customer Challenge 12 U.S.C. 3140
[] 891 Agricultural Acts
[] 892 Economic Stabilization Act
[] 893 Environmental Matters
[] 894 Energy Allocation Act
[] 895 Freedom of Information Act
[] 900 Appeal of Fee Determ. Under Equal Access to Justice
[] 950 Constitutionality of State Statutes
[] 890 Other Statutory Actions

**REAL PROPERTY**
[] 210 Land Condemnation
[] 220 Foreclosure
[] 230 Rent Lease & Ejectment
[] 240 Torts to Land
[] 290 All Other Real Property

**CIVIL RIGHTS**
[] 441 Voting
[] 442 Employment
[] 443 Housing/Accommodations
[] 444 Welfare
[] 440 Other Civil Rights

**PRISONER PETITION**
[] 510 Motions to Vacate Sentence
Habeas Corpus:
[] 530 General
[] 535 Death Penalty
[] 540 Mandamus & Other
[] 550 Other (including 1983 Actions)

**LABOR**
[] 710 Fair Labor Standards Act
[] 720 Labor/Mgmt. Relations
[] 730 Labor/Mgmt. Reporting & Disclosure Act
[] 740 Railway Labor Act
[] 790 Other Labor Litigation
[] 791 Empl. Ret. Inc. Security Act

**SOCIAL SECURITY**
[] 861 HIA (1395ff)
[] 862 Black Lung(923)
[] 863 DIWC/DIWW (405(g))
[] 864 SSID Title XVI
[] 865 RSI (405(g))

**FEDERAL TAX SUITS**
[] 870 Taxes (U.S. Plaintiff or Defendant)
[] 871 IRS - Third Party 26 U.S.C. 7609

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
Amounts due on promissory note assigned to U.S. under Title IV-B of the Higher Education Act of 1965, amended, 20 U.S.C. 1071 et seq. (34 C.F.R. Part 682).

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A CLASS ACTION [] UNDER F.R.C.P. 23
**DEMAND** **$345,149.24**
**CHECK YES only if demanded in complaint: JURY DEMAND** [ ] YES [X] NO

**VII. RELATED CASE(S) IF ANY** **(See instructions):** Judge______ Docket Number______

DATE 5/22/18

SIGNATURE OF ATTORNEY OF RECORD
**Joshua M. Jones, Assistant United States Attorney**

FOR OFFICE USE ONLY
RECEIPT #______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI

## NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF SUMMONS

To: Wynona C. Taouil, 559 Donna Marie Drive, Wentzville, MO 63385
as ______________________________ of ____________
Title Corporate Defendant

A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the Complaint is attached to this notice. It has been filed in the United States District Court for the Eastern District of Missouri and has been assigned docket number

DOCKET NUMBER:

This is not a formal summons or notification from the court, but rather our request that you sign and return the enclosed Waiver of Service in order to save the cost of serving you with a judicial summons and an additional copy of the Complaint. The cost of service will be avoided if we receive a signed copy of the waiver within 30 days after the date designated below as the date on which this Notice and Request is sent. We have enclosed a stamped addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also enclosed for your records.

**If you comply with this request and return the signed waiver to the undersigned, it will be filed with the United States District Court and no Summons will be served on you.** The action will then proceed as if you had been served on the date the waiver is filed except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States).

If you do not return the signed waiver within the time indicated, we will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the Court to require you (or the party on whose behalf you are addressed) to pay the **full costs** of such service. In that connection, please read the statement concerning the duty of the parties to waive the service of the Summons which is set forth at the foot of the waiver form.

I affirm that the request is being sent to you on behalf of the plaintiff, this 22nd day of May, 2018.

JEFFREY B. JENSEN
United States Attorney

By: JOSHUA M. JONES #61988MO
Assistant United States Attorney
111 S. 10th Street, Rm. 20.333
St. Louis, Missouri 63102
314-539-2200

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
## WAIVER OF SERVICE OF SUMMONS

To: **Joshua M. Jones**, Assistant United States Attorney for the Eastern District of Missouri
111 S. 10th Street, Room 20.333, St. Louis, Missouri 63102

I acknowledge receipt of your request that I waive service of a summons in the action of *U.S.A. v. Wynona C. Taouil* which is case number

in the United States District Court for the Eastern District of Missouri. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit, by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4 of the Federal Rules of Civil Procedure.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 of the Federal Rules of Civil Procedure is not served upon you within 60 days after 5/22/18, (Date waiver sent), or within 90 days after that date if the request was sent outside the United States.

Date

Signature, WYNONA C. TAOUIL
As____________________ of________________
Title Corporate Defendant

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the costs of such service unless good cause can be shown for the defendant's failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must, within the time specified on the waiver form, serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had actually been served when the request for waiver of service was received.